# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Wayne Kirby and Joyce Kirby,**
**Plaintiffs Below, Petitioners**

**vs) No. 16-1175** (Marion County 12-C-47)

**Lion Enterprises, Inc., and T/A Bastian Homes,**
**Defendants Below, Respondents**

**FILED**

**November 17, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Wayne and Joyce Kirby ("Mr. and Mrs. Kirby"), by counsel Gregory T. Hinton, appeal the order of the Circuit Court of Marion County, entered on November 17, 2016, granting respondents' motion to dismiss and to compel arbitration. Respondents Lion Enterprises, Inc. ("Lion Enterprises") and T/A Bastian Homes ("Bastian") appear by counsel Lee R. Demosky.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal presents the reappearance of *Kirby v. Lion Enterprises, Inc. and T/A Bastian Homes*, 233 W.Va. 159, 756 S.E.2d 493 (2014)("*Kirby I*"), wherein we concluded that remand was necessary to allow the parties to develop a record on the following issue: whether unconscionability factored into petitioners' entry into a home-building contract that contained a provision requiring that petitioners submit any contractual dispute to binding arbitration.

Subsequent to discovery conducted on remand, the circuit court, on November 17, 2016, entered its order granting respondent's motion to dismiss and to compel arbitration on the ground that "the arbitration provision was bargained for and is not unconscionable given the relative positions of the parties, the adequacy of each party's bargaining position, and the meaningful alternatives available to" Mr. and Mrs. Kirby. Petitioners appeal the circuit court's decision, assigning error as follows: (1) The circuit court failed "to consider the contract as a whole"; (2) the circuit court erred in concluding that Mr. and Mrs. Kirby's grasp of the English language negated a finding of procedural unconscionability; and (3) the circuit court failed to "give weight to the fact that the contract between the parties was not an integrated contract." Because this matter is before us on an order dismissing the complaint, our review is de novo. Syl. Pt. 1, *New v. GameStop, Inc.*, 232 W.Va. 564, 753 S.E.2d 62 (2013).

1

We consider the first and second assignments of error in tandem, because though each addresses a unique aspect of unconscionability, there is substantial interplay between the two. We have explained:

> "A contract term is unenforceable if it is both procedurally and substantively unconscionable. However, both need not be present to the same degree. Courts should apply a 'sliding scale' in making this determination: the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the clause is unenforceable, and vice versa." Syllabus Point 20, *Brown v. Genesis Healthcare Corp.*, 228 W.Va. 646, 724 S.E.2d 250 (2011).

Syl. Pt. 9, *Brown v. Genesis Healthcare Corp.*, 229 W.Va. 382, 729 S.E.2d 217 (2012).

In support of their first assignment of error (that the circuit court failed to consider the contract "as a whole"), Mr. and Mrs. Kirby argue that the circuit court failed our *Kirby I* directive to "look[] at the four corners of the construction agreement," manifest in the omission of certain paragraphs of the contract from the circuit court's discussion. These certain paragraphs, they assert, evince substantive unconscionability "to a degree."

> "Substantive unconscionability involves unfairness in the contract itself and whether a contract term is one-sided and will have an overly harsh effect on the disadvantaged party. The factors to be weighed in assessing substantive unconscionability vary with the content of the agreement. Generally, courts should consider the commercial reasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and public policy concerns." Syllabus Point 19, *Brown v. Genesis Healthcare Corp.*, 228 W.Va. 646, 724 S.E.2d 250 (2011).

Syl. Pt. 12, *Brown*. In support of their second assignment of error (that the circuit court overly emphasized Mr. and Mrs. Kirby's ability to read and understand the English language), petitioners argue that the circuit court failed to consider their actual failure to understand contract terms, which implicates procedural unconscionability.

> "Procedural unconscionability is concerned with inequities, improprieties, or unfairness in the bargaining process and formation of the contract. Procedural unconscionability involves a variety of inadequacies that results in the lack of a real and voluntary meeting of the minds of the parties, considering all the circumstances surrounding the transaction. These inadequacies include, but are not limited to, the age, literacy, or lack of sophistication of a party; hidden or unduly complex contract terms; the adhesive nature of the contract; and the manner and setting in which the contract was formed, including whether each party had a reasonable opportunity to understand the terms of the contract." Syllabus Point 17, *Brown v. Genesis Healthcare Corp.*, 228 W.Va. 646, 724 S.E.2d 250 (2011).

Syl. Pt. 10, *Brown.*

We agree with the circuit court that the evidence presented, including the terms of the agreement, does not raise concerns of unconscionability in either the procedural or substantive aspects of the sliding scale described in *Brown.* As the circuit court explained:

> Mr. and Mrs. Kirby read and initialed each page of the agreement as well as signed the signature page of the agreement indicating they agreed to the terms contained therein. Notably[,] Mr. Kirby testified that he expressed concern for the presence of the arbitration agreement prior to signing but signed the agreement despite that concern. . . .

The circuit court noted other factors demonstrating that Mr. and Mrs. Kirby were sufficiently competent to evaluate the terms of the agreement or seek further clarification, including the Kirbys' education (Mr. Kirby obtained his general equivalency degree and Mrs. Kirby is a registered nurse), business acumen (Mr. Kirby owned and operated a print shop business for almost forty years), and the parties' other functional abilities (the parties entered into a loan agreement for the building of their home, without assistance). The circuit court found that Mr. and Mrs. Kirby approached the negotiations from an adequate bargaining position. Mr. Kirby himself, when testifying, failed to identify specific contract terms that he did not understand. Based on the evidence before us, we find no unconscionability in the agreement, and thus we find no error.

We now consider Mr. and Mrs. Kirby's third assignment of error, wherein they argue that the agreement was not an "integrated contract" or, they explain, "a complete and exclusive agreement between the parties."

> "'A written contract merges all negotiations and representations which occurred before its execution, and in the absence of fraud, mistake, or material misrepresentations extrinsic evidence cannot be used to alter or interpret language in a written contract which is otherwise plain and unambiguous on its face.' Syl. pt. 3, *Iafolla v. Douglas Pocahontas Coal Corporation*, 162 W.Va. 489, 250 S.E.2d 128 (1978)." Syllabus Point 1, *Warner v. Haught, Inc.*, 174 W.Va. 722, 329 S.E.2d 88 (1985).

Syl. Pt. 3, *Toppings v. Rainbow Homes, Inc.*, 200 W. Va. 728, 729, 490 S.E.2d 817, 818 (1997). The basis for petitioners' argument is Mr. Kirby's assertion that Bastian's representative told him that he "didn't really have to worry about the [a]rbitration [c]lause." As petitioners themselves explain, "any parol evidence that would alter an integrated contract is inadmissible." Petitioners entered into a written contract containing an arbitration clause. Testimony to the contrary has no place here. We find no error in the circuit court's findings in this regard.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 17, 2017

**CONCURRED IN BY:**

Chief Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4